IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALICIA LARA, ADMINISTRATOR OF THE DECEDENT'S MARTHA GARCIA DE LA LARA; *Plaintiff* | § § § § § § § § § § | SA-24-CV-00682-XR |
| -vs- | | |
| ANGEL MARTINEZ, M.D., *et al.* *Defendants* | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation ("R&R") in the above-numbered and styled case, filed November 18, 2024. ECF No. 9.

**BACKGROUND**

Plaintiff Alicia Lara, a resident of Del Rio, Texas, sues as the administrator of the estate of her mother,[1] Martha Garcia de La Lara. ECF No. 8 at 3–4. Plaintiff alleges that on July 1, 2022, her mother went to the Val Verde Regional Medical Center in Del Rio, Texas to be treated for a panic attack. *Id.* at 3, 9. She alleges that her mother was sedated and then left alone while she slept. *Id.* Plaintiff alleges her mother was not restrained to her bed, and that the nurses and medical staff at the hospital did not regularly check on her to monitor her condition. *Id.* She alleges that her mother awoke alone and unsecured to her bed and that, when she tried to leave the bed, she fell to the floor, suffering a head injury. Plaintiff also alleges that, because there were only seven nurses

---

[1] A person with capacity under state law to represent an estate in a survival action may proceed pro se if that person is the only beneficiary and the estate has no creditors. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205 (5th Cir. 2016). Here the complaint is silent as to whether the Estate has other beneficiaries and whether there are any creditors.

present at the hospital on July 1, 2022, there was a harmful delay in the discovery that her mother had fallen. *Id.* at 24. Plaintiff alleges that these events led to her mother's death. *Id.* at 3, 9, 14.

Plaintiff, who is *pro se* and proceeding *in forma pauperis* ("IFP"), filed her original complaint in the San Antonio Division of the Western District of Texas; the complaint was styled as though it were filed in the "Val Verde Division," which does not exist. ECF No. 1-3, at 1. Plaintiff asserted a single claim under 42 U.S.C. § 1983, contending that several individuals working at the hospital violated her mother's rights under the Eighth Amendment. *Id.* at 1–2. She claimed that the medical staff acted with deliberate indifference to her mother's safety by sedating her and leaving her unattended in a bed without any safety straps. *Id.* at 7. No claims were originally made against the hospital, Val Verde County Hospital District d/b/a Val Verde Regional Medical Center.

The Magistrate Judge granted Plaintiff's IFP motion but issued an order to show cause why her complaint should not be dismissed or transferred to the Del Rio Division. The Magistrate Judge explained that Plaintiff could not assert a § 1983 claim for inadequate medical care under the Eighth Amendment since her mother was not a prisoner, and that any such claim must be brought under the Fourteenth Amendment's due process clause. ECF No. 3 at 3. The Magistrate Judge also explained that, based on the allegations in her original complaint, Plaintiff should have filed this case in the Del Rio Division: "the parties are all in that Division; the alleged incident occurred there; the witnesses would be there; and Del Rio would have an obvious interest in deciding the case there." *Id.* at 6. The order accordingly required Plaintiff to show cause.

Plaintiff filed an amended complaint on September 10, 2024. ECF No. 8. The amended complaint added allegations and causes of action to include due process violations. *Id.* And it added

as Defendants the Medical Center's Board of Managers. *See id.* at 1. Plaintiff's filing did not address the issue of transfer.

On November 18, 2024, the Magistrate Judge issued his R&R recommending that Plaintiff's claims alleged Eighth Amendment violations be dismissed *sua sponte* under 28 U.S.C. § 1915(e) as "indisputably meritless" because Plaintiff's mother was not a prisoner. *See* ECF No. 9 at 3.

Turning to Plaintiff's due process claims for inadequate medical care, inadequate training, and inadequate staffing, the Magistrate Judge recommended that Plaintiff's claims be permitted to proceed but should be transferred to the Del Rio Division of the Western District of Texas under 28 U.S.C. § 1404(a). *See id.* at 4–7.

Construing the Amended Complaint in The Magistrate Judge

> While generally, "the state is under no obligation to provide protective services or aid to an individual." *Kinzie v. Dall. Cnty. Hosp. Dist.*, 239 F. Supp. 2d 618, 626 (N.D. Tex.), *aff'd*, 106 F. App'x 192 (5th Cir. 2003). However, "when the State takes a person into its custody and holds h[er] there against h[er] will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). Thus, "it is the State's affirmative act of restraining the individual's freedom to act on h[er] own behalf . . . [which] trigger[s] the protections of the Due Process Clause." *Id.* at 200.

*Id.* at 4.

Plaintiff alleges that her mother voluntarily admitted herself to the hospital for treatment of a panic attack, and that Defendant's thereafter rendered inadequate medical care to her mother by failing to restrain her freedom of movement after administering a sedative to treat her anxiety. The Amended Complaint further alleges that Defendants "intentionally treated her [mother] incorrectly"; "ignored her complaints"; acted with "wanton disregard" for her safety and serious medical needs; and treated her with "deliberate indifference." ECF No. 8 at 10, 20, 22–24.

Construing the Amended Complaint liberally, the Magistrate Judge reasoned that the sedation of Plaintiff's mother arguably constituted a form of restraint and the allegations that Defendants acted intentionally and ignored her mother's complaints plausibly alleged facts showing deliberate indifference.

Finally, the Magistrate Judge recommended that Plaintiff's surviving due process claims be transferred to the Del Rio Division because, as explained in the show cause order, "the parties are all in th[e] [Del Rio] Division; the alleged incident occurred there; the witnesses would be there; and Del Rio would have an obvious interest in deciding the case there." ECF No. 3 at 6. Indeed, the original complaint was apparently intended for the Del Rio Division, as Plaintiff indicated she intended to file it in "Val Verde," the County where Del Rio is located. Plaintiff failed to address the transfer issue in her response to the Magistrate Judge's show cause order. "If anything," the Magistrate Judge observed, "Plaintiff's amended complaint—adding the Board of Managers for the Val Verde Regional Hospital as additional defendants—simply reinforced why Del Rio is clearly the more convenient forum this case." ECF No. 9 at 6–7.

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on November 19, 2024, and received on November 27, 2024. ECF Nos. 10, 12. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

4

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

The Court **ADOPTS** the Magistrate Judge's recommendation (ECF No. 9).

Accordingly, Plaintiff's §1983 claims for inadequate medical care under the Eighth Amendment is **DISMISSED WITH PREJUDICE**;

It is **FURTHER ORDERED** that this case is **TRANSFERRED** to the Del Rio Division of the Western District of Texas.

The Clerk is **DIRECTED** to mail a copy of this Order to Alicia Lara at 527 Jeffery Dr., Del Rio, TX 78842.

It is so **ORDERED**.

**SIGNED** this 31st day of December, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE